UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HAROLD AND JULIA GREHAN                                                          PLAINTIFFS

V.                                                      CIVIL ACTION NO. 1:06cv155-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY                                   DEFENDANTS
AND JOHN DOES 1 THROUGH 10

MEMORANDUM OPINION

        This Court's docket of Hurricane Katrina insurance cases is taking shape as far as being
consistent with the goals of Rule 16 of the Federal Rules of Civil Procedure is concerned,
especially at this stage with "the formulation and simplification of the issues, including the
elimination of frivolous claims or defenses; . . ."  Fed. R. Civ. P. 16(c)(1).  This is due primarily
to decisions in *Buente v. Allstate Property & Casualty Insurance Co*., 1:05cv712 (first on
Allstate's motion for judgment on the pleadings and then on Plaintiffs' motion for partial
summary judgment); *Tuepker v. State Farm Fire & Casualty Co*., 1:05cv559, and *Guice v. State
Farm Fire & Casualty Co*., 1:06cv1 (both on a Motion to Dismiss filed by State Farm and a
denied Motion to Alter or Amend in the former); *Leonard v. Nationwide Mutual Insurance Co*.,
1:05cv475 (Memorandum Opinion following a bench trial); and *Lisanby v. United Services
Automobile Association*, 1:05cv660 (on USAA's motions to dismiss).

        Other pending cases have benefitted from the holdings of these earlier ones.  For
example, the Motion to Dismiss [3] filed in the instant case came after the first *Buente* decision.

        The gravamen of Plaintiffs' original complaint [1] is found in paragraphs 17-19:

        17.  State Farm dispatched its retained adjuster, Terry Robinson, to inspect,
        investigate, and adjust the Plaintiffs' loss.  At the conclusion of his adjustment,
        Mr. Robinson informed State Farm that there was an abundance of evidence to
        suggest that the Plaintiffs' insured residence and property were damaged by
        hurricane wind, a covered loss under the policy.

        18.  State Farm, however, ignored its own adjuster's finding that hurricane wind
        caused the damage to Plaintiffs' home.

        19.  Instead, on October 27, 2005, State Farm, contrary to the subject policy
        coverage provisions and its own adjuster's finding that the residence was damaged
        by covered hurricane wind, informed Plaintiffs that it would not cover their total
        loss.  State Farm advised Plaintiffs that it considered their property loss to have

been caused by "flood water," rather than the hurricane wind or storm surge, which it claimed was excluded from coverage under the "flood" exclusion to the subject policy.  A copy of State Farm's October 27, 2005 denial letter is attached as Exhibit "D" to Complaint.

Curiously, the referenced denial letter addressed to Mr. Harold Grehan opens with "Thank you for the opportunity to discuss this matter via *your* representative Mr. Terry Robinson . . ." (emphasis added), and concludes with "If you have further information regarding your claim which has not been previously considered, or if you desire further explanation regarding this matter, please contact *Claim Representative* Terry Robinson . . . . " (emphasis added).  It can only be surmised that "your" should be "our."

The insured residence was reduced to a slab by the storm.  The proposed First Amended Complaint, which includes a request for jury trial (State Farm has not filed an answer to the original complaint), repeats the essence of the above allegations and adds more, including the failure to dispatch a structural engineer to determine the cause of damage, the failure to conduct an adequate investigation, and the failure to make a proper determination of the scope of coverage. Reference is made to a generic engineering hurricane survey report (claimed to be contrary to established science, meteorology, and engineering principles) on which State Farm allegedly erroneously relied.

Claims are also made concerning the marketing, presentation, and selling of the subject insurance policy, particularly with respect to the Hurricane Deductible Endorsement.  The endorsement language in the Plaintiffs' homeowners policy is identical to that in *Tuepker*, and though not quoted in that opinion reads in its entirety as follows:

**Definitions**

As used in this endorsement **hurricane** means a storm system that has been declared to be a **hurricane** by the National Hurricane Center of the National Weather Service.  The duration of the **hurricane** includes the time period, in this state:

1. beginning at the time a **hurricane** watch or **hurricane** warning is issued for any part of this state by the National Hurricane Center of the National Weather Service;

2. continuing for the time period during which the **hurricane** conditions exist anywhere in this state; and

3. ending 24 hours following the termination of the last **hurricane** watch or **hurricane** warning for any part of this state by the National Hurricane Center of the National Weather Service.

The following Deductible language is added to the policy:

**Deductible**

The Hurricane deductible percentage (%) shown in the **Declarations** applies only for direct physical loss or damage to covered property caused by wind, wind gusts, hail, rain, tornadoes, or cyclones caused by or resulting from a **hurricane** as defined above.  The deductible for loss caused by each **hurricane** occurrence is the amount determined by applying the deductible percentage (%) shown in the **Declarations** to the **COVERAGE A - DWELLING** limit shown in the **Declarations.**

In the event of a **hurricane** loss, this deductible will apply in place of any other deductible stated in the policy.  In no event will this deductible be less than the Section 1 deductible amount shown in the **Declarations**.

All other policy provisions apply.

(All bold in original).

State Farm uses the Motion to Dismiss to defend its standard water damage exclusion.  It mentions, also, that it issued Plaintiffs, just prior to Katrina, a flood policy on their dwelling. Attached as exhibits to State Farm's motion are several excerpts from publications of the Federal Emergency Management Agency and the U. S. Department of Commerce, the latter of which embraces the National Oceanic and Atmospheric Administration (NOAA) and the National Weather Service.  For that matter, the proposed First Amended Complaint refers to web sites for NOAA and the National Hurricane Center, presumably because these agencies are mentioned in the hurricane deductible endorsement.

Neither a complaint nor a motion to dismiss is intended to substitute for or bypass the development of relevant evidence.  Rule 8 of the Federal Rules of Civil Procedure dictates "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  A Rule 12(b)(6) motion is appropriate only if it appears that the Plaintiffs can prove no set of facts in support of their allegations that would entitle them to relief.  *Conley v. Gibson*, 355 U.S. 41 (1957).

 In its most essential form, Plaintiffs' cause of action is a breach of contract case, in the particular setting of homeowners insurance.  The Court understands the opposing positions of the parties and the narrow focus given them in the preliminary pleadings.  The Court's prior determinations that "storm surge" is synonymous with flood, that the water damage exclusion is valid, and that the anti-concurrent cause provision (especially with the presence of a hurricane deductible endorsement) does not negate coverage for wind damage should be well known. However, aside from attacking the policy provisions, the Plaintiffs assert improper  pre- and post-claim conduct on State Farm's part.  While the Court is aware of certain documents generated by State Farm during the claim process that may reflect an institutional approach to damage assessment, how Plaintiffs' case was handled can be examined more thoroughly in discovery.

All counsel are encouraged to read the Court's opinions cited above.  Discussion can also be found in them on who bears the respective burdens of proof, the methods of obtaining necessary information (*infra*), and the continuing duties of parties and counsel once suit is filed.

For present purposes, this Court is not in a position to declare that there are no set of facts under which Plaintiffs may be entitled to relief, so State Farm's Motion to Dismiss will be denied.  Because Fed. R. Civ. P. 15(a) allows a party to amend a pleading once as a matter of course at any time before a responsive pleading is served, the Motion for Leave to File First Amended Complaint will be granted.  However, since the amended complaint still contains a count based on equitable fraud and, within it, an assertion of "unilateral mistake in combination with actual or equitable fraud" (paragraph 69), both subject to the heightened pleading standard of Fed. R. Civ. P. 9(b), State Farm may wish to resort to Fed. R. Civ. P. 12(e), which provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  The motion shall set out the defects complained of and the details desired.  If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

*See, e.g.*, *United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450 (5th Cir. 2005); *United States ex rel. Adrian v. Regents of the University of California*, 363 F.3d 398 (5th Cir. 2004).

A separate order shall be entered.  Decided this the 25th day of August, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge